IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

KEITH MATTHEWS                                                                              PLAINTIFF

V.                                                         CIVIL ACTION NO.2:04CV130-MPM-JAD

JIM COOKE, ET AL                                                                          DEFENDANTS

## REPORT AND RECOMMENDATION

The sole remaining defendant, Lizar Polk, has filed a supplemental motion for summary judgment (Doc. 38). In spite of the court's order of March 21, 2007, granting the plaintiff additional time to respond to the supplemental motion and advising the plaintiff of summary judgment procedure and law, the plaintiff has filed no response in opposition to the motion. Having reviewed the motion with its supporting affidavits and the pleadings in the file the undersigned recommends that the motion for summary judgment be granted and this action dismissed with prejudice.

## SUMMARY JUDGMENT STANDARDS

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). Rule 56(e) Fed.R.Civ.P. requires that materials supporting or opposing the motion be admissible at trial. Material that would be inadmissible cannot be considered on a motion for summary judgment since it would not establish a genuine issue of material fact.

Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof. A complete failure of proof on an

essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir.1988) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265(1986) If the party with the burden of proof cannot produce any summary judgment evidence on an essential element of his claim, summary judgment is required. *Geiserman v. MacDonald,* 893 F.2d 787, 793(5th Cir. 1990).

The moving party must make an initial showing that there is no dispute of material fact or that there is a failure of proof of an element of the claim. If this showing is made, the non-movant must go beyond pleadings and submit specific evidence showing that there are one or more genuine issues of fact to be resolved by trial. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(emphasis omitted). While all facts are considered in favor of the non-moving party, including all reasonable inferences therefrom, *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995), the nonmovant's burden, " is not satisfied with 'some metaphysical doubt as to the material facts,' *Matsushita,* 475 U.S. at 586, 106 S. Ct. at 1356, by 'conclusory allegations,' *Lujan,* 497 U.S. at 871-73, 110 S.Ct. at 3180, by "unsubstantiated assertions," *Hopper v. Frank,* 16 F.3d 92 (5th Cir.1994), or by only a "scintilla" of evidence, *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082 (5th Cir.1994)." *Little v. Liquid Air Corp.* at 1075.[1] Summary judgment is appropriate if "critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Armstrong v. City of Dallas,* 997 F.2d 62 (5th

---

[1] Quoting from *Matsushita Electric Indus.Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed. 2d 538(1986) and *Lujan v. National Wildlife Federation*, 497 U.S. 871, 110 S.Ct. 3177, 111L.Ed.2d 695(1990).

Cir.1993). If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted.

These standards have been applied in evaluating the evidence of record in support of and opposition to the motion for summary judgment.

## ANALYSIS

The plaintiff seeks recovery from Lizar Polk for allegedly depriving him of needed medical care. The defendant Lizar Polk is a unit manager with Tallahatchie County Correctional Facility. Matthews injured his hand in January 2004 in an altercation with another inmate. Per the affidavit of Terri Jennings, an R.N., with TCCF, Matthews was immediately evaluated by TCCF medical personnel following the altercation. Minor swelling in the hand was noted and Matthews was prescribed ten days of pain medication. There was no indication that he had sustained a serious injury. The usual procedure for inmates desiring medical attention, absent life threatening emergencies, is to submit a sick call request. Matthews was seen for followup on January 21, 2004. This visit was apparently not the result of a sick call request, but the result of TCCF nurses making rounds within the facility. There is no evidence in the record that Matthew filled out any sick call request. As a result of the follow up visit an orthopedic consult was scheduled. Matthews was transferred routinely out of TCCF before he could be treated.

Per the affidavit of Warden Robert Parker, Polk as a Unit Manager, is a supervising officer over an entire housing unit. On average each unit will contain 256 inmates. Polk's normal responsibilities would be as a manager including scheduling and training employees and overseeing payroll. Unit managers would typically have little day to day contact with inmates. The processing of sick call requests is not part of their job. The nurses in the segregation unit make thrice daily pill

3

calls at which time inmates may express any medical concerns. Polk's affidavit, attached to the original summary judgment shows that she presided over Matthews' disciplinary hearing. She neither witnessed the altercation nor his medical evaluation. At the hearing Matthews admitted he was guilty of fighting without a weapon; that he had been evaluated by medical following the altercation and that he did not wish to appeal. She had no personal involvement prior to the disciplinary hearing.

The only matters in opposition to the defendant's motion for summary judgment will be found in his complaint which is verified and the filed traverse. His complaint alleges that Matthews was advised by a doctor on January 24, 2004 that he would have to wait until he returned to Alabama for treatment of his hand. He alleges " Unit Manager Lizar Polk and CDI-Jones denied plaintiff the right to go to the hospital and receive medical treatment as they were in charge of the segregation unit. The traverse alleges "Defendant Lizar Polk deprived Plaintiff the right to go to the hospital and receive medical treatment as Lizar Polk were in charge of the segregation unit at Tallahatchie County Corr. Facility and were well aware of Plaintiff's condition." Matthews has submitted nothing in opposition to the defendants assertion regarding the initial and followup evaluations.

The record before this court shows without dispute that Matthews was evaluated initially by medical personnel at TCCF following the altercation. The admissible evidence shows that Matthews failed to request additional medical treatment. Additional treatment was provided when nurses making rounds arranged additional care. Matthews was seen on January 21, 2004 at which time a consult was arranged. Per his medical records and his allegations, Matthews was seen by medical personnel on January 24, 2004, at which time an unnamed doctor allegedly told Matthews that further treatment would have to await his transfer back to Alabama. The exact date of that transfer

is not disclosed.

On this record no reasonable jury can find that anyone at TCCF was deliberately indifferent to Matthews' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1946). Even if there were proof of such deliberate indifference to Matthews' medical needs the record is devoid of anything other than Matthews' conclusory allegations that Polk had any involvement in any aspect of his medical care or in depriving him of any care. His pleadings are devoid of any factual allegations to show that Polk had any involvement or that Matthews has any personal knowledge of Polk having any involvement. The allegations in fact seem to seek to hold Polk liable as a supervisior. In a § 1983 action the employers and supervisors cannot be held liable for the actions of prison employees under a respondeat superior theory of liability. *Monell v. Department of Social Services*, 436, U.S. 658, 98 S. Ct. 2018, 56 l. Ed. 611(1978).

Both because the record does not demonstrate a triable issue of fact regarding any deliberate indifference to Matthews' serious medical needs by anyone at Tallahatchie County Correctional Facility and because there is no admissible proof of Polk having any involvement in Matthews' care or in any delay or denial of care, the undersigned recommends that the defendant's supplemental motion for summary judgment be granted and the complaint dismissed with prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United*

5

*Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

SO ORDERED this the 5th day of July, 2007.

/s/ JERRY A. DAVIS  
UNITED STATES MAGISTRATE JUDGE